IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JOSE A. CARRASQUILLO-ROSARIO,<br>Defendant. | CRIMINAL NO. 17-479 (ADC) |

**PLEA AND FORFEITURE AGREEMENT**
**(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))**

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodriguez-Velez, United States Attorney, Timothy Henwood, First Assistant United States Attorney, Jenifer Y. Hernandez-Vega, Assistant United States Attorney and Chief, Violent Crimes Unit, and Victor O. Acevedo-Hernandez, Assistant United States Attorney, along with Defendant, **Jose A. Carrasquillo-Rosario**, and his counsel, **Diego H. Alcala-Laboy**, and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count One of the Information, which charges him with on or about April 3, 2017, being an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, who knowingly possess in and affecting interstate commerce, a firearm, that is: one pistol,

1

make: Smith and Wesson, model: 915, caliber: 9mm, serial number: TZR3420 and 15 rounds of ammunition in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

2.  **MAXIMUM PENALTIES**

Pursuant to 18 U.S.C. § 924(a)(2), the maximum statutory penalty for the offense charged in Count One of the Information, a Class C felony under 18 U.S.C. § 3559(a)(3), is a term of imprisonment of not more than ten years; pursuant to 18 U.S.C. § 3571(b)(3), a fine not to exceed $250,000.00; pursuant to 18 U.S.C. § 3583(b)(2), a supervised release term of not more than three years; and pursuant to 18 U.S.C. § 3013(a)(2)(A), a Special Monetary Assessment of $100.00.

3.  **SENTENCING GUIDELINES APPLICABILITY**

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

4.  **SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

5.  **FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or

supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

6. **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in the case of United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

| Sentencing Guidelines Calculations Table<br>Count One | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Base Offense Level | U.S.S.G. § 2k2.1(a)(3) | | | | | | | 14 |
| Acceptance | Acceptance of Responsibility, U.S.S.G. § 3E1.1 | | | | | | | -2 |
| Sentencing Ranges Count One | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level Count One |
| | 12 | 010-016 | 012-018 | 015-021 | 021-027 | 027-033 | 030-037 | 12 |

8. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate as to any Criminal History Category for Defendant.

9. **SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to recommend a sentence of imprisonment within the applicable Guideline Sentencing Range for a total offense level of 12 when combined with defendant's criminal history category as determined by the Court.

10. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 1̶8̶ 6 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment

4

or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

**12. SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, **Diego H. Alcala-Laboy**, and asserts that counsel has rendered effective legal assistance.

**13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

  a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

  b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

  c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

  d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

15. **FIREARMS FORFEITURE**

Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): any firearms and ammunition involved in the commission of the offense, including, but not limited to: one Pistol, Make: Glock, Model: 17, Caliber: 9mmm, Serial Number: SEW036 and 18 rounds of 9mm caliber ammunition. Defendant acknowledges that he possessed the Property in violation of 18 U.S.C. § 922(g)(1), as set forth in Count One of the Information, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

16. **LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT**

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

17. **ENTIRETY OF PLEA AND FORFEITURE AGREEMENT**

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and denies the existence of any other term and conditions not stated herein.

18. **AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

19. **VOLUNTARINESS OF GUILTY PLEA**

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

ROSA EMILIA RODRÍGUEZ-VÉLEZ
United States Attorney

_____
Timothy Henwood
First Assistant U.S. Attorney
Dated: 7-5-17

_____
Jenifer Y. Hernandez-Vega
Assistant U.S. Attorney
Chief, Violent Crimes Unit
Dated: 6/30/2017

_____
Victor O. Acevedo-Hernandez
Assistant U.S. Attorney
Dated: 6/30/17

_____
Diego H. Alcala-Laboy
Counsel for Defendant
Dated: 8-17-2017

_____
Jose A. Carrasquillo-Rosario
Defendant
Dated: 8-17-2017

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Information pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 8-17-2017

_____
**Jose A. Carrasquillo-Rosario**
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Information. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 8-17-2017

_____
**Diego H. Alcala-Laboy**
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States of America and Defendant, **Jose A. Carrasquillo-Rosario**, agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of 18 U.S.C. § 922(g)(3). If this matter had proceeded to trial, the United States would have presented the testimony of Caguas Municipal Police ("CMP") Agents and a firearms expert, along with physical and documentary evidence, which would have proven the following beyond a reasonable doubt.

On April 3, 2017, CMP Agents conducted a traffic stop because they observed a taxicab driven by **Jose A. Carrasquillo** with illegal tinted windows. After a search of the vehicle, the CMP Agents found a firearm, eleven baggies of marijuana and $146. After waiving his rights, **Jose A. Carrasquillo** admitted to law enforcement that he has been using the drug for several years because he has a multiple sclerosis, and that he smokes marijuana more than six times per day. **Jose A. Carrasquillo-Rosario** also explained that he purchased the firearm for $600 and that he purchased it for protection. Furthermore, the United States would have shown that the firearm and ammunition possessed by Defendant had been shipped and transported in interstate and foreign commerce.

Discovery was timely made available to Defendant for his review.

_____
**Victor O. Acevedo-Hernandez**
Assistant United States Attorney
Dated: 6/30/17

_____
**Diego H. Alcala-Laboy**
Counsel for Defendant
Dated: 8-17-2017

_____
**Jose A. Carrasquillo-Rosario**
Defendant
Dated: 8-17-2017