IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JOSE A. CARRASQUILLO-ROSARIO,<br>Defendant. | CRIMINAL NO. 17-479 (ADC) |

## UNITED STATES' SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through the undersigned attorneys, and very respectfully states and prays that the Court sentence Defendant to 10 months divided into 5 months of imprisonment and 5 months of home confinement.

### FACTUAL AND PROCEDURAL BACKGROUND

1.  In April 2017, police agents conducted a *Terry* stop on a taxicab in the high crime area of Barriada Morales. Defendant was driving the taxicab, and inside, he had a firearm and marijuana. After the agents found the firearm and marijuana, Defendant explained that, for several years, he had been using marijuana because of a medical condition. Specifically, he admitted to smoking marijuana more than six times per day. Defendant also acknowledged that, with $600, he purchased the firearm, which he used for protection. (See Document No. 23 ¶¶ 13-38).

2.  Originally, a grand jury charged defendant with possessing with intent to

distribute marijuana and possession of a firearm in furtherance of drug trafficking. (Criminal Case No. 17-232 (ADC), Document No. 4).[1] Subsequently, the parties agreed for Defendant to be charged by way of information to being a drug user in possession of a firearm and ammunition. (Document No. 2). Defendant pled guilty to the information. The plea agreement recommends a sentence within the Guidelines for a total offense level of 12 when combined with defendant's criminal history category. (Document No. 4). Because Defendant has a criminal history category of I, the Guidelines range is 10-16 months. (Document No. 23 ¶ 93). The United States files the present sentencing memorandum in support of a request for a sentence at the lower end of the Guidelines—a sentence of 10 months divided into 5 months of imprisonment and 5 months of home confinement.

## DISCUSSION

3.   After *United States v. Booker*, 543 U.S. 220 (2005), sentencing involves three-steps. *United States v. Davila-Gonzalez*, 595 F.3d 42, 46 (1st Cir. 2010) (internal citations omitted). First, the Court should calculate a defendant's Guidelines sentence. *Id.* (internal citations omitted). Second, the Court must rule on any departure requests. *Id.* (internal citations omitted). Third, the Court should consider the factors in 18 U.S.C. § 3553(a) and any other relevant considerations to determine whether a sentence, within, above, or below the Guidelines sentencing range is appropriate. *Id.* (internal citations omitted).

---

[1] At sentencing, the United States will request the dismissal of Criminal Case No. 17-232 (ADC).

I. The Advisory-Guidelines Range

4.     Under Section 2K2.1(a)(6) of the Guidelines, Defendant starts out at a base offense level of 14. Pursuant to Section 3E1.1(a), two points are subtracted because of Defendant's acceptance of responsibility. As a result, Defendant's total offense level is 12. (Document No. 23 ¶¶ 45-53). Because Defendant has a criminal history category of I, his Guidelines sentencing range is 10-16 months. (Document No. 23 ¶ 93).

5.     The applicable-Guidelines-sentencing range is in Zone C of the Sentencing Table. Therefore, the minimum term may be satisfied by a sentence of imprisonment combined with home confinement as long as half of the minimum term is served in prison. U.S.S.G. § 5C1.1(d)(2). Namely, Defendant could serve half of the minimum term in prison and the other half in home detention.[2] *See id*; *see also United States v. Cintron-Fernandez*, 356 F.3d 340, 346-47 (1st Cir. 2004) (citing U.S.S.G. § 5C1.1(d)(2) and (e)) (finding that a ten month sentence in Zone C could be satisfied with a sentence of 5 months imprisonment and 5 months of home detention or community confinement).

II. Section 3553(a) Factors

6.     The Section 3553(a) factors support our recommendation that Defendant serve half of the minimum term of imprisonment of 10 months in prison and the other half in home detention. Under § 3553(a), "[t]he Court shall impose a sentence sufficient,

---

[2] Each day of home detention counts as one day of imprisonment. U.S.S.G. § 5C1.1(d)(e).

3

but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). Those purposes are "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). In determining that sentence, this Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), "the kinds of sentences available," 18 U.S.C. § 3553(a)(3), the Guidelines and Guidelines' range, 18 U.S.C. § 3553(a)(4), the Guidelines' policy statements, 18 U.S.C. § 3553(a)(5), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6), and "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7).

7.      The Guidelines range is itself an 18 U.S.C. § 3553(a) factor. Thus, our recommended-Guidelines sentence takes into consideration this factor. "The fact that § 3553(a)[(4)] explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall v. United States*, 552 U.S. 38, 50 n. 6 (2007). The Commission wrote the Guidelines to "carry out these same § 3553(a) objectives," resulting in "a set of Guidelines that seek to embody the § 3553(a) considerations, both in principle and in practice." *Rita v. United*

*States*, 551 U.S. 338, 348-50 (2007). The Guidelines embody the collective determination of Congress, the Judiciary, and the Sentencing Commission as to the appropriate punishments for criminal conduct. *United States v. Cooper*, 437 F.3d 324, 331 n. 10 (3rd Cir. 2006) (internal citations omitted). The Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46 (internal citation omitted). The Commission has "'modif[ied] and adjust[ed] past practice in the interests of greater rationality, avoiding inconsistency, complying with congressional instructions, and the like.'" *Kimbrough v. United States*, 552 U.S. 85, 96 (2007) (internal citation omitted). In so doing, the Commission "has the capacity courts lack to 'base its determinations on empirical data and national experience, guided by professional staff with appropriate expertise,'" and "to formulate and constantly refine national sentencing standards." *Id.* at 108-09 (internal citations omitted). Thus, courts must consider the Guidelines. *Id.* at 101 (internal citation omitted). Here, a Guidelines sentence of 10 months is more likely to be reasonable than one that lies outside the Guidelines' range. The Supreme Court has held that "where judge and Commission both determine that the Guidelines sentences is an appropriate sentence for the case at hand, that sentence likely reflects the § 3553(a) factors (including its "not greater than necessary" requirement)," and that "significantly increases the likelihood that the sentence is a reasonable one." *Rita*, 551 U.S. at 347 and 355 (internal citation omitted).

8.      A Guidelines sentence is also warranted here because other-relevant-18 U.S.C.

§ 3553(a) factors like the seriousness of the offense and the history and characteristics of the defendant strongly support a sentence at the lower end the Guidelines range. As to the seriousness of the offense, we note that Defendant illegally possessed a firearm for protection, (Document No. 23 ¶ 36), which has the potential for extreme violence. *See United States v. Colon Osorio*, 188 F. Supp. 2d 153, 154 (D.P.R. 2002) (noting that that the possession of a firearm is a crime of violence because it carries the potential of extreme violence). The history and characteristics of the defendant, however, weigh in favor of our recommendation. Defendant has no prior convictions. (Document No. 23 ¶ 56). Furthermore, he has a history of stable employment as a taxi driver. (*Id.* at ¶¶ 82-83). Moreover, he has a serious medical condition—multiple sclerosis. (*Id.* at ¶¶ 34 and 73).

9.     The recommended sentence provides deterrence. Even if this Court could be sure that Defendant will not resume his criminal activities, a sentence at the lower end of the advisory-Guidelines range affords adequate deterrence to criminal conduct by others. It is well know that gun violence in Puerto Rico is a problem. Accordingly, Defendant's sentence serves as an opportunity for this Court to deter persons from illegally possessing firearms, which are tools used in furtherance of violence in Puerto Rico. *Cf. United States v. Lozada-Aponte*, 689 F.3d 791, 793 (1st Cir. 2012) (holding that the nature of a weapon and the incidence of crime in Puerto Rico are permissible considerations in varying upward from a Guidelines sentence).

10.    Finally, an imposition of a Guidelines sentence best serves the need to avoid unwarranted sentencing disparities among defendants with similar records who have

been found guilty of similar conduct. "Section 3553(a)(6) directs district courts to consider the need to avoid unwarranted disparities." *Kimbrough*, 552 U.S. at 108. The Guidelines "help to 'avoid excessive sentencing disparities.'" *Id.* at 107 (internal citation omitted). "[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges." *Gall*, 552 U.S. at 54; *accord United States v. Vixamar*, 679 F.3d 22, 32-33 (1st Cir. 2012) (noting that "[b]ecause judges typically impose within-Guidelines sentences, [], a judge who does not risks creating 'unwarranted' sentencing disparities, in violation of 18 U.S.C. § 3553(a)(6)").

For the reasons stated above, the United States requests that this Court sentence Defendant to 10 months divided into 5 months of imprisonment and 5 months of home detention.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 8th day of January 2021.

W. STEPHEN MULDROW
United States Attorney

S/Víctor O. Acevedo Hernández
Víctor O. Acevedo Hernández 227813
Assistant U.S. Attorney
Torre Chardon, Suite 1201
350 Carlos Chardon St.
San Juan, P.R. 00918
Tel. (787) 766 5656
E-mail: Victor.O.Acevedo@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

                                                S/Victor O. Acevedo Hernandez
                                                U.S.D.C. No. 227813